1

2  FRANK A. WEISER, (Bar No. 89780)
   Attorney at Law
3  3460 Wilshire Blvd., Ste. 1212
4  Los Angeles, California 90010
   (213) 384-6964  - (voice)
5  (213) 383-7368  - (fax)
6  maimons@aol.com - (e-mail)

7  Attorney for Plaintiffs
   CITY OF LOS ANGELES AIHM
8  HOTEL/MOTEL ASSOCIATION,
9  in its representative capacity on
   behalf of its association members
10 and Individual Plaintiffs Hotel/Motel
   Owners and Operators
11

12
                    UNITED STATES DISTRICT COURT
13
                    CENTRAL DISTRICT OF CALIFORNIA
14

15

16 CITY OF LOS ANGELES AIHM          ) No.
   HOTEL/MOTEL ASSOCIATION, in       )
17 its representative capacity        ) **COMPLAINT FOR**
   on behalf of its association       ) **DAMAGES; DECLARATORY**
18 members; BALUBHAI G. PATEL,       ) **AND INJUNCTIVE**
   individually and as Trustee        ) **RELIEF**
19 of the Patel Revocable Trust       )
20 dated 3/14/07; MAYUR B. PATEL;    ) [Violation of
   VIMAL INC.; BHAILALBHAI C.         ) Federal Civil
21 PATEL, individually and as         ) Rights -
22 Trustee of the Patel Family        ) 42 U.S.C. Section 1983]
   Trust; VIJENDRA PATEL; NIMESH     )
23 PATEL; KHAPABHAI PATEL;           )
   PRAMILBEN K. PATEL; PRAFULL       )
24 SOLANKI; AMITKUMAR SHAH; AKSHAR )
25 GLOBAL INVESTMENTS CORP.; DOSTI   )
   HOSPITALITY GROUP, INC.; SHIV     ) **DEMAND FOR JURY TRIAL**
26 SAKTI INVESTMENT LLC; SAI GANESH  )
   INC.; ALTMAN APARTMENTS LLC;      )
27 RIO PALACE GENERAL PARTNERSHIP;   )
28 SUMANTRAI R. AHIR; JATIN N.       )
   PATEL; PRAVIN AHIR; TEJASV        )

| | |
|---|---|
| MANAGEMENT LLC; HSI HOSPITALITY GROUP; ASHOK PATEL; DMH INVESTMENT GROUP INC.; KING DID LLC; 108 MOTEL; VIRANBHAI PATEL; BHAVNA J. PATEL, individually and as Trustee of the Bhavna J. Patel Trust; ROCKY R. PATEL; BHAVNA R. PATEL; TRD INC.; CHANDRAVADAN BHAGAT; RANJAN BHAGAT; EKDANT ASSOCIATES INC.; VISHWANATH LLC; ZACHARY MORGAN LASRY, BEVERLY LAFAYETTE LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| CITY OF LOS ANGELES, a municipal corporation; AND DOES 1 THROUGH 10 INCLUSIVE, | ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiffs CITY OF LOS ANGELES AIHM HOTEL/MOTEL ASSOCIATION, in its representative capacity on behalf of its association members ("AIHM"); BALUBHAI G. PATEL, individually and as Trustee of the Patel Revocable Trust dated 3/14/07; MAYUR B. PATEL; VIMAL INC.; BHAILALBHAI C. PATEL, individually and as Trustee of the Patel Family Trust; VIJENDRA PATEL; NIMESH PATEL; KHAPABHAI PATEL; PRAMILBEN K. PATEL; PRAFULL SOLANKI; AMITKUMAR SHAH; AKSHAR GLOBAL

2

INVESTMENTS CORP.; DOSTI HOSPITALITY GROUP, INC.; SHIV SAKTI INVESTMENT LLC; SAI GANESH INC.; ALTMAN APARTMENTS LLC; RIO PALACE GENERAL PARTNERSHIP; SUMANTRAI R. AHIR; JATIN N. PATEL; PRAVIN AHIR; TEJASV MANAGEMENT LLC; HSI HOSPITALITY GROUP; ASHOK PATEL; DMH INVESTMENT GROUP INC.; KING DID LLC; 108 MOTEL; VIRANBHAI PATEL; BHAVNA J. PATEL, individually and as Trustee of the Bhavna J. Patel Trust; ROCKY R. PATEL; BHAVNA R. PATEL; TRD INC.; CHANDRAVADAN BHAGAT; RANJAN BHAGAT; EKDANT ASSOCIATES INC.; VISHWANATH LLC; ZACHARY MORGAN LASRY, BEVERLY LAFAYETTE LLC (collectively "Individual Plaintiffs") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, under the Fourth and Fourteenth Amendments, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF LOS ANGELES ("Defendant" or "City"), is a public entity in this District and the claims arose in this District.

## PARTIES

3. AIHM is a local hotel and motel association comprised of Asian-Indian hotel and motel owners and operators whose principal place of business is 718 Union Avenue, Los Angeles, CA 90017.

4. The Individual Plaintiffs are hotel and motel owners and operators located within the City of Los Angeles.

5. The City is a municipal corporation formed and operating under its local charter and the laws of the State of California.

6. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiff is informed and believes and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## PRELIMINARY FACTUAL HISTORY

7. . AIHM'S members and the Individual Plaintiffs own properties that are zoned and classified by the City as being subject to the Rent Stabilization Ordinance ("RSO"). AIHM brings this action in its representative capacity on behalf of its members and the Individual Plaintiffs in their individual capacity.

8. . The RSO requires that a property owner or operator not raise rents annually on tenants beyond a certain percentage of the rent per year.

9. On September 27, 2016, the City passed and adopted Ordinance No. 184529 ("Ordinance"), amending the RSO to require that a property owner subject to the RSO, as a condition of obtaining a rental registration statement ("RRS") from the City permitting a property owner to rent units in the City, provide to the City, beginning January 1, 2017, without consent of the property owner, or consent of the property owner's tenants, or a court order as required under the Fourth Amendment of the United States Constitution, a list of tenant rental information for each unit rented including the name of the tenant and the amount of rent charged.

10. The information required to be given to the City as alleged in paragraph 11 is in effect a condition of licensing in that starting in year 2018 the City will not issue a property owner a RRS unless such sensitive business information is divulged to the City

11. The City has issued to AIHM'S members, and to the Individual Plaintiffs, as it has to every other property owner and operator subject to the RSO, a provisional RRS, permitting the renting of units to tenants for 2017 only and without conditioning the giving to the City of the business information in order to issue the RRS.

12. AIHM's members' and the Individual Plaintifffs' tenants also have a fundamental liberty and property interest that protects their privacy under the California Constitution that is a "state created" liberty and property interest incorporated and protected under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

13. The Ordinance in requiring that AIHM'S members and the Individual Plaintiffs divulge their tenant's sensitive rental information without requiring notice and consent from the tenants or a court order that infringes on their tenants fundamental privacy rights protected

5

under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and subjects AIHM'S members and the Individual Plaintiffs to liability from such tenants both under state and federal law.

14. In addition, the Ordinance requires that the tenant rental information be provided to the City by the property owner as a condition of obtaining the RRS, under the City's municipal code a violation of any ordinance carries with it an additional threat of civil and criminal penalties.

15. On February 15, 2018, AIHM filed a federal civil rights suit in this court, on behalf of its members which includes the Individual Plaintiffs, under 42 U.S.C. Section 1983 challenging the Ordinance on constitutional grounds. The City filed an Answer to the First Amended Complaint on June 15, 2018 and the case is still pending. The case is entitled <u>City of Los Angeles AIHM Hotel/Motel association, et al. v City of Los Angeles</u>, USDC Case No. CV18-01295-DMG(JCx) ("Federal Case 1").

16. Subsequent to the filing of Federal Case 1, in late 2018, the City sent some of the Individual Plaintiffs, but not AIHM, a letter informing it that it had failed to obtain a RRS under the Ordinance and that it could apply to appeal such alleged failure.

17. Said Individual Plaintiffs who were sent the letter referenced in paragraph 16 above, then filed a timely appeal of the City's letter informing the City that it was a member of AIHM and a party plaintiff as a member of AIHM in federal case 1 and raised the same constitutional objections to the Ordinance as it raises in Federal Case 1 under the Fourth Amendment of the United States Constitution, and in addition raised constitutional objections to the Ordinance under not only the Fourth Amendment but also the Fifth Amendment, and

6

the Fourteenth Amendment's Due Process Clause and Equal Protection Clause and under the Contract Clause under Article I of the United States Constitution.

18. The City responded by sending said Individual Plaintiffs a letter informing it that it's applicvation to appeal the alleged failure to obtain an RRS by completing the Rent Registry Form under the ordinance was denied as Los Angeles Municipal Code Section 151.05J requires a landlord to submit a Rent Registry Form to the City every year along with payment of the annual rent regiostration fees in order to complete the registration process. The letter went on to state if no Rent Registration Form is submitted, then the RRS will not be issued.

19. The City's letter referred to in paragraph 18 above further went on to state that this was a final administrative decision with no further appeals. No hearing was conducted by the City relative to the alleal and the letter was the only response HYW received to its appeal. The City's letter to said Individual Plaintiffs failed to be signed under penalty of perjury as to its mailing date and further failed to inform said Individual Plaintiffs of its right to appeal the decision to a court of competent jurisdiction under the requirements of <u>California Code of Civil Procedure</u> Section 1094.6.

20. In this suit, AIHM sues on behalf of its members, including for all of the Individual Plaintiffs, for declaratory and injunctive relief only and the Individual Plaintiffs also sue for their damages and for such actions subsequent to Federal Case 1 only.

Based on the above facts, Plaintiffs allege the following claims:

7

## FIRST CLAIM FOR RELIEF

**(Violation of Civil Rights Under 42 U.S.C Section 1983 by All Plaintiffs Against All Defendants)**

21. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 20, and all its subparts, inclusive, as set forth hereinabove.

22. Plaintiffs are informed and believe, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

23. Plaintiffs further are informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-23 above, the City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of Plaintiffs, in particular its individual rights under the First and Fourteenth Amendments of the United States Constitution Petition Clause, the Fourth and Fourteenth Amendments of the United States Constitution Search and Seizure Clause, to be free from to be free from an unreasonable search and seizure of its property, both on its face under the Ordinance and as applied to Plaintiffs; and further violates under the Fourth Amendment by imposing under the Ordinance, on its face and as applied to Plaintiffs, an unconstitutional condition and restriction on its licensing and renting of property in violation of the Fourth Amendment; the Fifth and Fourteenth Amendments of the United States Constitution Takings

8

Clause, to be free from to and the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Contract Clause under Article I of .the United States Constitution in that similarly situated property owners and operators whose properties are not zoned and classified as subject to the RSO, such as other hotels and motels, have not, and are not, being treated by the City as AIHMS members are under the restrictions of the Ordinance and members of AIHM were treated differently as to the application to appeal the alleged failure to obtain a RRS and to complete the Rent Registry Form set forth in paragraphs 16-19.

24. The City's actions described in paragraphs 1-20 above were done pursuant to official policy, custom, or practice of the City.

25. As a proximate result of the foregoing acts of defendants, and each of them, AIHM'S members are threatened to suffer extreme hardship and damages, which damages include, but is not limited to, economic damages on behalf of the Individual Plaintiffs, and entitling AIHM suing on behalf of its members, including the Individual Plaintiffs, to appropriate declaratory and injunctive relief against all the defendants, and to its reasonable attorneys fees under 42 U.S.C. section 1988.

## SECOND CLAIM FOR RELIEF

## (Violation of California Government

## Code Section 65009 by All Plaintiffs against All Defendants)

26. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1-25, and all its subparts, inclusive, as set forth hereinabove.

27. Plaintriffs' equitable state remedy in seeking review of the City's decision in adopting the decision to not issue the RRS as alleged in paragraphs 16-19 is to seek mandamus review by way of this petition under California Code of Civil Procedure Section 1094.5.

28. The City violated its duties under both state law and federal law as alleged above, and specifically although not limited to, violated Plaintiffs rights not issuing the letters to appeal the non-suuance of the RRS to other AIHM members other than some of the Individual Plaintiffs, and by not conducting a hearing tfor said Individual Plaintiffs who did appeal and issuing it a RRS.

29. By failing to give the required notice as set forth in California Code of Civil Procedure Section 1094.6, as alleged in paragraph 22, Plaintiffs filing of this petition for writ of mandate is tolled although this claim is still being filed timely under California Code of Civil Procedure Section 1094.6, although this petition is filed also within 90 days of the City's decision to deny the appeal..

30. Pullman abstention is inappropriate as Plaintiffs are entitled under U.S. Supreme Court case law in England v Louisiana State Board of Medical Examiners, 375 U.S. 411 (1984) to file an England reservation that prevents preclusion of all the federal claims and, in addition, the petition under California Code of Civil Procedure Section 1094.5 is not given any preclusive effect by the Ninth Circuit as to plaintiffs' 42 U.S.C. Section 1983 claims.

### THIRD CLAIM FOR RELIEF

(Petition for Writ of Mandate by

All Plaintiffs against All Defendants)

31. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1-30, and all its subparts, inclusive, as set forth hereinabove.

32. Plaintriffs' alternative equitable state remedy to the second claim for relief in seeking review of the City's decision in adopting the decision to not issue the RRS as alleged in paragraphs 1-30 is to seek review by way of this claim for relief under California Government Code Section 65009..

33. The City violated its duties under both state law and federal law as alleged above, and specifically although not limited to, violated Plaintiffs rights not issuing the letters to appeal the non-isuuance of the RRS to other AIHM members other than some of the Individual Plaintiffs, and by not conducting a hearing as to those Individual Plaintiffs who did receive the letter and appealed and issuing it a RRS.

34. By failing to give the required notice as set forth in California Code of Civil Procedure Section 1094.6, and under California Government Code Section 65009, Plaintiffs

11

filing of this claim for relief is tolled although this claim is still being filed timely under California Government Code Section 65009, although this claim for relief is filed also within 90 days of the City's decision to deny the appeal.

35.. Pullman abstention is inappropriate as Plaintiffs are entitled under U.S. Supreme Court case law in England v Louisiana State Board of Medical Examiners, 375 U.S. 411 (1984) to file an England reservation that prevents preclusion of all the federal claims and, in addition, the petition under California Code of Civil Procedure Section 1094.5 is not given any preclusive effect by the Ninth Circuit as to plaintiffs' 42 U.S.C. Section 1983 claims.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial;

2. For declaratory and injuntive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

**SECOND CLAIM FOR RELIEF**

4. For such equitable relief as alleged in such claim;

**THIRD CLAIM FOR RELIEF**

5. For such equitable relief as alleged in such claim;

**FOR ALL CLAIMS FOR RELIEF**

6. For costs of suit; and

7. For such other and further relief as the Court deems just and proper.

DATED: February 25, 2019          LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for
Plaintiffs CITY OF LOS ANGELES
AIHM HOTEL/MOTEL ASSOCIATION,
in its representative capacity on behalf
of its association members and
Individual Plaintiffs Hotel/Motel Owners
and Operators

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial pursuant to F.R.C.P. 38.

DATED: February 25, 2019          LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for
Plaintiffs CITY OF LOS ANGELES
AIHM HOTEL/MOTEL ASSOCIATION,
in its representative capacity on behalf
of its association members and
Individual Plaintiffs Hotel/Motel Owners
and Operators